TORRES, APPELLANT, *v.* REGISTRAR OF CAGUAS,
RESPONDENT.

APPEAL from a Decision of the Registrar of Property
Refusing to Record a Deed of Purchase and Sale.

No. 480.—Decided July 27, 1921.

RECORD OF TITLE—COMMUNITY PROPERTY.—A city property consisting of several
buildings being recorded in the registry in the names of several persons with
different specified and determined interests, a division of the community
having been made and recorded by means of a deed executed to that effect
by all of the interested persons, each being alloted a specific property, a
sale made by a third person of the property acquired from one of them
after destroying the house and building a new one is recordable and its
record cannot be denied on the ground that only a condominium appears
recorded in the name of the vendor.

The facts are stated in the opinion.

*Messrs. Llorens & Márquez* for the appellant.

The respondent appeared by brief.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

By a public deed of August 6, 1920, Emilio Fernández
Morales as the attorney in fact of his wife, María Pérez Ríos,
sold to Ceferino Torres Santana an urban property described
as follows:

"*Urban.*—A one-story house of reinforced concrete with a flat
roof of zinc, situated on Betances Street, corner of Padial Street,
Caguas, Porto Rico, on a lot belonging to her as her separate prop-
erty, the house measuring 11.25 meters on the front, 11.85 meters
on the back, 9.25 meters on the east and 9.15 meters on the west,
the house and lot being bounded on the south, its main front, by
the said Betances Street; on the east, its other front, it being on a

corner, by Padial Street; on the west by a house of Salvador F. Solás Rodríguez, and on the north by a house of María Pérez Ríos.''

The said deed was presented in the Registry of Property of Caguas and the registrar refused to record it by his decision of September 15, 1920, as follows:

''Record of the property referred to in the foregoing instrument is denied  *  *  *  because notwithstanding the fact that the title deed is a correct instrument *per se,* the registry shows the ambiguity that there is recorded in the name of the grantor, María Pérez Ríos, only a joint interest of $700 consisting of the wooden part of a house having three front doors, that being the part used as a store with its show-window and counter, it being impossible to determine clearly the title of the vendor to any land, or its area, which is the principal, according to jurisprudence, in order to justify the construction and conveyance of the new house, which is the accessory.  *  *  * ''

The grantee, Ceferino Torres Santana, appealed to this court from that decision, alleging that in the registry the condominium of $700 to which the decision refers is determined from the record on October 13, 1910, of the deed of division of the community executed in Caguas on June 7, 1910, by virtue of which and of its record the condominium which belonged to Providencia Fernández Morales, the predecessor of María Pérez Ríos, became property number 1548 of the said registry, and the registry also shows the right of the grantor to the land on which the buildings are constructed, which originated in a deed of July 9, 1890, executed in Caguas and recorded also in the registry of property.

Taking into account the extracts from the Registry of Property of Caguas included by the registrar in his brief and their corroboration by the documents exhibited with the appellant's brief, we must take as a basis for the decision of the appeal the following facts:

1. After the death of Isidora Morales there was allotted to three of her children named Eleuteria del Carmen, José Ramón Emiliano and José Ramón Fernández y Morales, in

partial payment of their hereditary interests, among other properties, an urban property described as follows:

"A large house roofed with tiles, divided into departments for dwelling and store, with show-window and counter, oven for bakery and fenced yard, situated on Betances Street (formerly Del Rosario), corner of Padial Street (formerly Sol), of this city (Caguas), measuring on the front twenty-four meters and on the back fifteen meters, the masonry part of the house containing four front doors, which is the part used as a bakery and oven and valued at $1,000, being allotted to Eleuteria del Carmen; the wooden part of the house containing three front doors, which is the part used as a store, with its show-window and counter, valued at $700, being alloted to Ramón Emiliano, and the small house adjoining the other and used as a dwelling, valued at $200, and the carriage-house, valued at $350, being allotted to José Ramón Fernández Morales."

The said allotments were recorded in the Registry of Property of Caguas on January 30, 1904.

2. José Ramón Emiliano Fernández y Morales, known as Emilio Fernández y Morales, by a deed of May 28, 1909, sold one-half of the property described to Providencia Fernández y Morales, and on February 14, 1910, the registrar recorded in favor of the grantee only the joint interest of $700 which constituted the interest of the grantor.

3. Providencia Fernández y Morales sold to María Pérez Ríos, by a deed of March 22, 1911, the condominium of $700 consisting of the wooden part of the house with three front doors, that is, the store with its show-window and counter, that deed being also recorded in the registry of property on March 29, 1911.

4. From the property of Isidora Morales allotted to her children Eleuteria del Carmen, José Ramón Emiliano and José Ramón Fernández y Morales, according to a marginal note made on the record of that allotment on April 9, 1913, was segregated the lot occupied by the carriage-house, which came to form properties numbers 1822 and 1823 recorded at folios 227 and 232 of volume 38 of Caguas, while the other

buildings became properties numbers 1546, 1547 and 1548, recorded at folios 218, 222 and 226 of volume 31 of Caguas, according to another marginal note of April 9, 1913.

5. The said properties numbers 1546, 1547 and 1548, to which the latter marginal note refers, were constituted by a deed of division executed on June 7, 1910, by virtue of which José Ramón Emiliano, José Ramón and Eleuteria del Carmen Fernández y Morales divided the house which had been allotted to them in the partition of the estate of their deceased mother, making of them three independent houses, José Ramón Emiliano Fernández y Morales remaining as owner of one of them marked "A" and described as follows:

" 'A'. A one-story house of native wood roofed with tiles and used as a store, situated on Betances Street of this city (Caguas), with three front doors, measuring eleven meters and twenty-five centimeters on the front and eight meters and twenty-five centimeters on the back, bounded on the south, its front, by the said Betances Street; on the north, its back, by another property segregated from the main property; on the east by the said Betances Street, forming a corner, and on the west by a house segregated from the main property."

6. By another deed of October 7, 1910, Providencia Fernández y Morales ratified the said deed of division because she had acquired by a deed of May 28, 1909, the condominium belonging to José Ramón Emiliano Fernández y Morales, and the said ratification, together with the deed of division, was recorded in the registry.

In the light of the foregoing facts we will now consider whether or not the ground set forth by the registrar is in accordance with what appears from the Registry of Property of Caguas which the registrar must have taken into account in refusing to record the deed of August 6, 1920.

It is to be observed that in the said deed of August 6, 1920, Emilio Fernández, as attorney in fact of his wife, María Pérez y Ríos, states the following:

(*a*) That his principal is the owner of a condominium in the following property:

"*Urban property.*—A one-story house of masonry and native wood, with four front doors in the masonry part and three front doors in the wooden part, all opening on Betances Street on the corner of which and Padial Street it is situated, roofed with tiles, together with a small house used as a dwelling, of native wood and roofed with tiles, the main house of mixed construction measuring twenty-four meters on the front and fifteen on the back, the shed adjoining the small house of native wood and being roofed with tiles, situated on Padial Street (formerly Sol), used as a carriage-house, the condominium established for $700 consisting of the wooden part of the main house with three front doors, that is, the portion used as a store with its show-window and counter."

(*b*) That María Pérez y Ríos acquired the said condominium by purchase from Providencia Fernández Morales by a deed of March 22, 1911, as the separate property of the grantee, and recorded her title in the registry.

(*c*) That on the lot corresponding to her joint interest which consisted of the wooden part of the said house which was destroyed, she has constructed with her own money a house which is described in the manner set forth at the beginning of this opinion.

We are of the opinion that in considering the deed which has been refused admission to record the registrar should have taken into account not only the contents of the said deed, but also the records appearing in the registry in connection with the conveyance made by María Pérez Ríos to the appellant by the said deed of August 6, 1920.

The facts set forth show that the condominium of $700 to which the decision appealed from refers was expressly defined by the deed of division of June 7, 1910, recorded in the registry, by virtue of which there was allotted to José Ramón Emiliano Fernández y Morales the wooden house marked "A" in the said deed. As María Pérez Ríos came

to be the owner of that joint interest by virtue of successive conveyances made by José Ramón Emiliano Fernández Morales to Providencia Fernández Morales and by the latter to María Pérez Ríos, it follows that she is the owner of the house which substituted the said condominium, with all the rights inherent thereto. The house having been destroyed and María Pérez Ríos having erected in its place another house which is described in the deed of August 6, 1920, and which she sold to Ceferino Torres Santana, it should be recorded in the name of the appellant.

The decision appealed from must be

*Reversed.*

Justices Wolf, Del Toro, Aldrey and Hutchison concurred.